# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOUIS T. CAIMI, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAIMLERCHRYSLER CORP., et al., )<br>)<br>Defendants. ) | No. 4:07-CV-1681 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to file a fifth amended complaint. Defendants oppose the motion and it is fully briefed. For the following reasons, the Court will deny the motion for leave to amend.

**Background**.

Plaintiff Louis Caimi is a former employee of defendant DaimlerChrysler Corporation ("DaimlerChrysler"). In 2003, plaintiff applied for both short-term Disability Absence Plan ("DAP") benefits and long-term disability plan benefits. Plaintiff's application for disability benefits was denied by DaimlerChrysler and defendant ESIS, Inc. ("ESIS"), the third-party administrator of both the DAP and long-term disability plans.

On January 16, 2007, plaintiff filed this action for breach of contract against DaimlerChrysler and ESIS in state court based on the denial of DAP short-term disability benefits. Plaintiff subsequently filed several amended petitions, including the Fourth Amended Petition filed September 18, 2007, which for the first time sought long-term disability benefits under DaimlerChrysler's ERISA[1]-governed long-term disability plan. Defendants removed the case to this Court after the Fourth Amended Petition was filed, on the basis of federal question and diversity jurisdiction.

Plaintiff seeks leave of Court to file a Fifth Amended Complaint to add a claim for interference with protected rights under Section 510 of ERISA, 29 U.S.C. § 1140, specifically that plaintiff was unlawfully discharged from employment in order to avoid the payment of disability benefits.

---

[1]The Employee Retirement Income Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

Defendants oppose the motion on the grounds that (1) plaintiff has unduly delayed in asserting this claim, and amendment would be prejudicial to the defendants; (2) the proposed amendment is futile because the applicable contractual limitations period has expired; and (3) the proposed amendment is futile with respect to defendant ESIS because it was never plaintiff's employer and therefore cannot be liable for the alleged interference with benefits and wrongful discharge.

**Legal Standard**.

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971). Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

Delay in seeking to amend, alone, is a insufficient justification to deny leave. Prejudice to the nonmovant must also be shown. Bell, 160 F.3d at 455. Any prejudice to the nonmoving party must be weighed against the prejudice to the moving party by not allowing the amendment. Id. Where the requested amendments are based on facts similar to the original complaint, leave is normally granted. Id. (citations omitted). On the other hand, when late-tendered amendments involve new theories of recovery and impose additional discovery requirements, courts are less likely to find an abuse of discretion where leave is denied due to the prejudice involved to the non-moving party. Id. (citations omitted).

**Discussion**.

    A. Delay and Prejudice.

The Court first addresses the issue of delay. Defendants state that plaintiff does not explain why he waited almost a year after filing his lawsuit, which itself was filed almost four years after the denial of disability that is the subject of this action, to assert an ERISA claim related to his discharge. Defendants assert they will be prejudiced if the amendment is allowed, because "memories have faded and it may be impossible to obtain specific recollections regarding a discharge decision that likely has not been discussed or considered since it occurred more than four years ago." Defs.' Opp. at 4. Defendants also assert that certain discovery has already been completed in this case, and if plaintiff is permitted to proceed on his new claim of wrongful discharge, they will have to investigate previously unexamined areas of discovery regarding plaintiff's termination and alleged damages, possibly included expert testimony.

In his reply memorandum, plaintiff does not address why he delayed in asserting the new claim, but states that his proposed amendment is within the time allowed by the case management order. Plaintiff notes that he is not adding parties and asserts that his wrongful discharge claim "dove-tails the primary claim of disability." Reply at 3. Plaintiff also states that he will strike his new allegations relating to stress and depression "for the purpose of reducing issues," and has filed a motion to strike the same as an attachment to the motion for leave.

Even in the absence of an explanation for the delay, the Court finds that plaintiff did not unduly delay in filing his motion for leave to amend. The motion was timely filed under the applicable Case Management Order in this case, which is a significant consideration. Although the case was on file in state court for some eight months before it was removed, it has only been on file in this Court since September 2007, and the discovery completion deadline has not passed. The Court does not find that the prejudice asserted by defendants is sufficient to warrant the denial of leave to amend.

B. <u>Futility</u>.

The defendants also assert that the amendment would be futile because the interference with benefits claim is time barred. It is well established that good reason to deny leave to amend exists if the amendment would be futile. <u>Williams</u>, 21 F.3d at 225 (citing <u>Foman</u>, 371 U.S. at 182). Defendants assert that as part of plaintiff's employment agreement ("Agreement"), he agreed to a six-month limitation period to bring any cause of action related to his employment. In pertinent part, the Agreement provides:

> I agree that any claim or lawsuit arising out of my employment with, or my application for employment with, Chrysler Corporation or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY. Should a court determine in some future lawsuit that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit barred unless it was brought within the minimum reasonable time within which the suit should have been commenced.

Agreement, Ex. 4 to Defs.' Mem. Opp.

Defendants assert that courts have long enforced this type of contractual limitations period, as long as the period is reasonable. Defendants note that the six-month period provided by the Agreement is comparable to the limitations period of a variety of state and federal employment statutes, including the National Labor Relations Act. Defendants also state that six-month contractual limitations periods have been repeatedly held to be reasonable and applicable in the employment context, including ERISA claims.

Plaintiff responds that the cases on which defendants rely are distinguishable, because in each of defendants' cited cases where a contractual limitation period for ERISA claims was upheld, the limitation was found in the plan itself, and not in an employment application as in this case. Plaintiff also asserts that cases cited by defendants involving employment discrimination claims are not controlling.

Plaintiff also asserts that the contractual limitation period is barred by Missouri law. Plaintiff cites Missouri Revised Statute § 431.030 (2000), which provides, "All parts of any contract or

4

agreement hereafter made or entered into which either directly or indirectly limit the time in which any suit or action may be instituted, shall be null and void." Plaintiff notes that the Eighth Circuit has not decided whether a contractual limitation that is contrary to a state statute, such as § 431.030, is enforceable under ERISA, citing Duchek v. Blue Cross & Blue Shield of Neb., 153 F.3d 648, 650 (8th Cir. 1998), but asserts that the state court ruled on this issue prior to removal, and determined that the statute of limitations had not run. Plaintiff asserts that the Missouri five-year statute for personal injury actions should apply to his claim.

Defendants state that § 431.030 is not applicable to federal claims and that ERISA preempts such state statutes, citing Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998) ("contractual limitations periods on ERISA actions are enforceable, regardless of state law, provided they are reasonable"). Defendants also assert that the state court applied § 431.030 only to plaintiff's state-law breach of contract claim for short-term disability benefits, as plaintiff had not pleaded any ERISA-based claims at that time. Finally, defendants state that this Court has upheld and applied the same DaimlerChrysler six-month limitations period to bar an action filed after that period had expired. Ellis v. DaimlerChrysler Corp., No. 4:03-CV-546 HEA (E.D. Mo. Mar. 9, 2005) (Title VII and 42 U.S.C. § 1981 case) (Autrey, J.).

As a threshold matter, the state court's ruling that § 431.030 bars the enforcement of the contractual limitation period does not control the outcome of the instant motion. As DaimlerChrysler correctly observes, the state court's ruling only concerned application of the statute to plaintiff's state-law claim, not to the ERISA claim plaintiff now seeks leave to plead. Moreover, while state court rulings made prior to removal remain in effect until modified or supplanted by the federal court, 28 U.S.C. § 1450, a "district court may reconsider a state court's interlocutory orders." 16 James Wm. Moore, et al., Moore's Federal Practice § 107.31[3] (3d ed. 2007).

ERISA does not provide a specific statute of limitation for actions alleging violations of § 510. As a result, the appropriate period is determined by reference to the state statute of limitations governing cases that are most analogous to the cause of action asserted by the plaintiff. See Heideman v. PFL, Inc., 904 F.2d 1262, 1267 (8th Cir. 1990) (holding that wrongful discharge claims

5

under ERISA are governed by the state's contract statute of limitations), cert. denied, 498 U.S. 1026 (1991). If the six-month contractual limitation period contained in the Agreement is enforceable, plaintiff's interference with benefits claim is time barred and the motion for leave to amend should be denied as futile. If the contractual limitation period is invalid, then plaintiff's claim is timely and leave to amend should be granted.

The Seventh and Eleventh Circuits have held that parties may contractually bind themselves to a shorter statute of limitations in an ERISA case even if state law is to the contrary, if the limitations period is reasonable. In Doe v. Blue Cross & Blue Shield United of Wisconsin, 112 F.3d 869 (7th Cir. 1997), the court examined this issue in the factual context of an ERISA plan that provided for a 39-month limitation period, a Wisconsin six-year statute of limitations for written contracts, and a Wisconsin statute that prohibited the contractual shortening of written insurance policy contracts. The court decided that the contractual limitation period was enforceable.

The Seventh Circuit acknowledged that federal courts must borrow the state limitations period in the absence of specific limitations periods for ERISA claims, but rejected the assertion that the state law forbidding the shortening of limitations periods must be borrowed for use in ERISA along with the limitations period itself. The court reasoned that the interpretation of ERISA is necessarily a federal question, and while federal courts may be required to borrow state limitations periods, the decision to adopt state limitations *principles* in addition to limitations *periods* must be made "in accordance with the policies discernible in or imputable to the federal statute for which the state limitations period has been borrowed." Id. at 873. The court observed that state law does not "apply of its own force to a suit based on federal law--especially a suit under ERISA, with its comprehensive preemption provision." Id. at 874.

One important policy consideration underlying ERISA is uniformity. The Seventh Circuit cautioned against the potential creation of a "national crazy quilt" of ERISA limitation laws, in which some contractual limitations were enforceable in some states but not others. Id. The court supported its decision with several arguments. The court noted the "dominant view" in contract law that contractual limitations periods shorter than the statute of limitations are generally permissible,

6

provided the periods are reasonable. Doe, 112 F.3d at 874. The court agreed with the dominant view as being "consistent with the principle of party autonomy that underlies the law of contracts," and concluded that it should be applied to ERISA as well. Id. at 874. The court explained that although most employee insurance plans are not individually negotiated, they are a part of the overall compensation package of the employee and are subject to employee backlash. Id. These plans are also subject to market vulnerability if the plan unduly shortens filing periods. Id. at 875. Finally, the court noted that the shortened period must always be reasonable, in order to protect employees from unscrupulous employers. Id.

The Eleventh Circuit specifically adopted the Seventh Circuit's reasoning in Northlake, 160 F.3d 1301. Although the Eleventh Circuit was not faced with a state statute prohibiting the contractual shortening of a limitations period, it held that contractual limitations periods in ERISA actions are enforceable, regardless of state law, if they are reasonable. The court held that a ninety-day limitations period was reasonable in the case before it. Id. at 1303-04.

The Eighth Circuit has not been required to decide the issue presented by this case and addressed in Doe and Northlake--whether a contractual limitation that is contrary to a state statute is nonetheless enforceable under ERISA. See Duchek, 153 F.3d at 650. The Eighth Circuit has enforced contractual limitations periods shorter than the applicable statute of limitations in ERISA cases where such contractual arrangements are expressly authorized by state law. See Wilkins v. Hartford Life & Accident Ins. Co., 299 F.3d 945, 948 (8th Cir. 2002), and Duchek, 153 F.3d at 650. The Court believes that the Eighth Circuit would adopt the well-reasoned opinions of the Seventh and Eleventh Circuits if faced with the issue. The Court notes that other district courts in Missouri have concluded that § 431.030 does not apply in ERISA cases. See Harris v. The Epoch Group, L.C., No. 4:02-CV-442 ERW, slip op. at 6-8 (E.D. Mo. Mar. 18, 2003), rev'd on other grounds, 357 F.3d 822 (8th Cir. 2004); Farthing v. United Healthcare of the Midwest, Inc., No. 4:98-4262-CV-C-4-ECF, 2000 U.S. Dist. Lexis 21995, **17-18 (W.D. Mo. Oct. 24, 2000).

Courts must borrow the analogous state limitations period in ERISA actions because Congress has not provided a limitations period. The Supreme Court has warned that when it is

7

necessary to borrow a state statute of limitations for a federal cause of action, courts should borrow "no more than necessary." West v. Conrail, 481 U.S. 35, 39 (1987). This principle forms the basis of the Seventh Circuit's point that ERISA policies must be examined when deciding whether to borrow a state statute restricting the shortening of a limitations period. There are already different limitations periods for ERISA actions for the different states within this and the other federal judicial circuits. To hold that Missouri plaintiffs are not bound to their agreements for a shorter limitations period would further detract from the uniform enforcement of ERISA. Requiring the limitations periods to be reasonable offers protection to employees. The Court will follow Doe and Northlake, and therefore holds that § 431.030 is inapplicable to contractual limitations periods for ERISA claims.

The Court must now determine whether the six-month limitation period is reasonable. In Doe, the court upheld a 39-month statute of limitations as reasonable, focusing on the nature of an ERISA action in reaching its decision: "A suit under ERISA, following as it does upon the completion of an ERISA-required internal appeals process, is the equivalent of a suit to set aside an administrative decision, and ordinarily no more than 30 or 60 days is allowed within which to file such a suit." Doe, 112 F.3d at 875. "Like a suit to challenge an administrative decision, a suit under ERISA is a review proceeding, not an evidentiary proceeding. It is like an appeal, which in the federal courts must be filed within 10, 30 or 60 days of the judgment appealed from, . . . rather than like an original lawsuit." Id.

Other courts have upheld six-month or shorter limitation periods in ERISA cases. See, e.g., Northlake, 160 F.3d at 1303 (affirming application of 90-day contractual limitation period to ERISA claim); Davidson v. Wal-Mart Associates Health and Welfare Plan, 305 F.Supp.2d 1059 (S.D. Iowa 2004) (45-day contractual limitation was reasonable and enforceable where the Plan was self-funded and contained other limitations designed to timely process claims, although the Iowa statute of limitations for written contracts was ten years). This Court and others have upheld six-month contractual statutes of limitation in employment discrimination cases, including several involving the same six-month limitation period as the instant case. See Ellis v. DaimlerChrysler Corp., No. 4:03-CV-546 HEA, slip op. at 9-10; Wright v. DaimlerChrysler Corp., 220 F.Supp.2d 832, 838-40 (E.D.

8

Mich. 2002) (citing cases); Krusinski v. DaimlerChrysler Corp., 2004 Mich. App. LEXIS 507, *6 (Mich. Ct. App. Feb. 19, 2004); see also Soltani v. Western & Southern Life Ins. Co., 258 F.3d 1038, 1045 (9th Cir. 2001) (wrongful termination claim barred by six-month contractual limitations provision); Taylor v. Western & Southern Life Ins. Co., 966 F.2d 1188, 1206 (7th Cir. 1992) (six-month contractual limitations period was valid and applied to Title VII and § 1981 employment discrimination claims); Myers v. Western-Southern Life Ins. Co., 849 F.2d 259, 269-62 (6th Cir. 1988) (affirming application of six-month contractual limitations period in employment discrimination case).

The Court concludes that under the circumstances of this case, the six-month limitations period is reasonable. The proposed Fifth Amended Complaint asserts that plaintiff was informed by letter of September 2, 2003 that his employment was being terminated "as a consequence of his failure to provide the required evidence to support his claim for insurance benefits and of the necessity for his absence after April 28, 2003." Proposed Fifth Amended Complaint at 6, ¶ 2. Although plaintiff's interference with benefits claim does not arise directly from the ERISA administrative review process, it is closely related to that review process. Further, it is evident from the proposed complaint that plaintiff was aware from the termination letter that the termination was related to his absence from work and claim for disability benefits.

Plaintiff argues that defendant has "made no showing that plaintiff was at any time advised of the six-month limitation with respect to his disability claims being denied, nor was any limitation forwarded to him when the letter of termination was sent to him." Reply at 6. Plaintiff has cited no authority to support the proposition that defendants bear the burden to remind him of the terms of the parties' contractual limitations period. Under Missouri law, the parties to a contract are presumed to have read the papers they are signing and, absent fraud, one who signs a document after having the opportunity to read it is bound by its terms, regardless of whether he actually read the document. Monsanto Co. v. Swann, 308 F.Supp.2d 937, 943 (E.D. Mo. 2003) (citing cases).

Plaintiff also argues that unspecified federal regulations provide that upon the denial of a disability claim "plaintiff shall be given information as to the time within which to file suit" and that

9

he was not given such information. Attached to the Reply is a copy of one page of 29 C.F.R. § 2560.503-1. Plaintiff does not identify which portion of the regulation he claims is relevant. The Court assumes that plaintiff intended to rely on paragraph (g)(1)(iv), which provides that a "plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination," including a "description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review."

Recognizing that the claim he seeks to assert is not based on the denial of benefits, but rather interference with benefits, plaintiff attempts to shoehorn his claim within the scope of the regulation by arguing, "In a sense, when plaintiff was terminated, this has the effect of terminating his disability also, so he should have been advised of any limitation at that time as to the filing for filing suit, which was not done, nor was it done at the time his disability was denied." Reply at 7. The Court finds this regulation is inapplicable to plaintiff's claim for interference with benefits under § 510. The regulation addresses notification of an adverse benefit determination and rights to bring suit under § 502(a), not § 510. The type of claim asserted by plaintiff is distinct from matters governed by the regulation.[2]

Finally, plaintiff asserts without citation to any legal authority that his interference with benefits claim cannot be barred by the contractual limitations period because the limitations period is contained in the Employment Agreement and not in the ERISA plan itself. The Court disagrees. The Agreement provides that a six-month limitations period applies to "any claim or lawsuit arising out of [plaintiff's] employment" and that any claim or suit "must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit." Plaintiff's claim for interference with benefits arises out of the alleged wrongful termination of his employment. Therefore, the contractual six-month limitations period is applicable.

---

[2] The Court notes that in the Fourth Amended Petition, plaintiff alleges he was notified on August 28, 2003 that his claims for disability benefits were denied (Pet. at 2, ¶ 8), and on September 2, 2003 that his employment was terminated. (Id., ¶ 13). Plaintiff's argument that the termination letter should be interpreted as the notice of denial of his claim for disability benefits is therefore contradicted by the facts set forth in his pleading.

**Conclusion**.

For the foregoing reasons, the Court concludes that plaintiff's motion for leave to file a fifth amended complaint should be denied because the ERISA interference with benefits claim that plaintiff seeks to add is time barred. As a result, amendment would be futile, and leave is properly denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Leave to File Fifth Amended Complaint is **DENIED**. [Doc. 20]

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  3rd  day of March, 2008.