# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOUIS T. CAIMI, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:07-CV-1681 CAS ) |
| DAIMLERCHRYSLER CORP., et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants DaimlerChrysler Corporation and ESIS, Inc.'s motion for partial summary judgment on plaintiff's claims relating to long-term disability benefits as set forth in the Fourth Amended Petition ("Complaint"). Plaintiff opposes the motion. For the following reasons, the Court will deny the motion for partial summary judgment.

**Background**.

Plaintiff Louis Caimi is a former employee of defendant DaimlerChrysler Corporation ("DaimlerChrysler"). In 2003, plaintiff applied for short-term Disability Absence Plan ("DAP") benefits. Plaintiff's application for short-term disability benefits was denied by defendant ESIS, Inc. ("ESIS"), the third-party administrator of DaimlerChrysler's DAP and long-term disability plans, and plaintiff's appeal of the denial was denied by DaimlerChrysler.

On January 16, 2007, plaintiff filed this action for breach of contract against DaimlerChrysler and ESIS in state court based on the denial of DAP short-term disability benefits. Plaintiff subsequently filed several amended petitions, including the Fourth Amended Petition filed September 18, 2007, which for the first time sought long-term disability benefits under DaimlerChrysler's ERISA[1]-governed long-term disability plan. Defendants removed the case to this Court after the Fourth Amended Petition was filed, on the basis of federal question and diversity jurisdiction.

---

[1]The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.

**Summary Judgment Standard**.

The standards applicable to summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Once this burden is discharged, if the record shows that no genuine dispute exists, the burden then shifts to the non-moving party who must set forth affirmative evidence and specific facts showing there is a genuine dispute on a material factual issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the burden shifts, the non-moving party may not rest on the allegations in his pleadings, but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Herring v. Canada Life Assur. Co., 207 F.3d 1026, 1029 (8th Cir. 2000); Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir.), cert. denied, 528 U.S. 1063 (1999). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). A dispute about a material fact is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Herring, 207 F.3d at 1029 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A party resisting summary judgment has the burden to designate the specific facts that create a triable question of fact. See Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1114 (8th Cir. 2004). Self-serving, conclusory statements without support are not sufficient to defeat summary judgment. Armour and Co., Inc. v. Inver Grove Heights, 2 F.3d 276, 279 (8th Cir. 1993).

With this standard in mind, the Court accepts the following facts as true for purposes of resolving this motion for summary judgment.

**Facts**.[2]

1. Plaintiff Louis Caimi was employed by DaimlerChrysler as a Safety Supervisor from February 17, 1997 until September 2, 2003. (Declaration of Debbie White ("White Declaration"), Ex. A, ¶ 4).

2. Plaintiff Caimi signed an employment agreement with DaimlerChrysler which provided in relevant part as follows:

> In consideration of Chrysler's review of my application, I agree that any claim or lawsuit arising out of my employment with, or my application for employment with, Chrysler Corporation or any of its subsidiaries must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit. While I understand that the statute of limitations for claims arising out of an employment action may be longer than six (6) months, I agree to be bound by the six (6) month period of limitations set forth herein, and I WAIVE ANY STATUTE OF LIMITATIONS TO THE CONTRARY. Should a court determine in some future lawsuit that this provision allows an unreasonably short period of time to commence a lawsuit, the court shall enforce this provision as far as possible and shall declare the lawsuit banned unless it was brought within the minimum reasonable time within which the suit should have been commenced.

(White Decl., Ex. A, ¶ 5, Exhibit 1 thereto (the "Employment Agreement")).

3. The DaimlerChrysler Corporation Long Term Disability Plan ("LTD Plan") defines the "Plan Administrator" as DaimlerChrysler Corporation. (Ex. 3 to White Decl., § 2.17). The LTD Plan provides that the Plan Administrator may designate other persons to carry out fiduciary responsibilities under the Plan, including a "TPA," which is defined as "an individual or legal entity

---

[2]The Court largely adopts defendants' Statement of Undisputed Material Facts contained in their Memorandum in Support of Motion for Partial Summary Judgment (Doc. 27). Plaintiff did not dispute defendants' statements of the facts in his response to the Motion for Partial Summary Judgment. Because plaintiff failed to submit a statement of material facts as to which he contends a genuine issue exists, as required by Local Rule 4.01(E), for purposes of this motion plaintiff is deemed to have admitted all facts which were not specifically controverted. See Deichmann v. Boeing Co., 36 F.Supp.2d 1166, 1168 (E.D. Mo. 1999); see also Ridpath v. Pederson, 407 F.3d 934, 936 (8th Cir. 2005) (where plaintiff did not controvert defendant's statement of material fact, it was deemed admitted under E. D. Mo. Local Rule 4.01(E)). The Court noted, however, that some of defendants' fact statements were slightly different than the portions of the record on which defendants relied, and modified the facts accordingly.

3

that processes claims for the LTD Plan pursuant to a service contract with [Daimler/Chrysler], and who may also provide one or more other administrative services pursuant to a service contract[.]" (Id., §§ 7.01, 2.22).

4. At all times relevant herein, defendant ESIS was the third-party administrator of DaimlerChrysler's Disability Absence Plan ("DAP") and LTD Plan. (Complaint, ¶ 3). There is no evidence in the record concerning how ESIS came to act as third-party administrator of the LTD Plan.

5. DaimlerChrysler's DAP is a payroll practice, not regulated by ERISA, providing short-term disability benefits up to a maximum of twelve (12) months to eligible DaimlerChrysler employees. Langley v. DaimlerChrysler Corp., 407 F. Supp. 2d 897, 912 (N.D. Ohio 2005), aff'd, 502 F.3d 475 (6th Cir. Sept. 18, 2007); (White Decl., Ex. A, ¶¶ 7, 8, Ex. 2 thereto).

6. Unlike the DAP, the DaimlerChrysler LTD Plan is an ERISA-governed plan which, subject to various requirements, provides eligible DaimlerChrysler employees with long-term disability benefits. (White Decl., Ex. A, ¶ 9, Ex. 3 thereto); Mossoian v. DaimlerChrysler Corp., 06-11272, 2006 U.S. Dist. LEXIS 83125, *2 (E.D. Mich. Nov. 3, 2006).

7. Plaintiff applied for DAP benefits on March 7, 2003 for benefits beginning on March 5, 2003. (White Decl., Ex. A, ¶ 7, Ex. 2 thereto).[3]

8. On June 13, 2003, ESIS notified plaintiff that his claim for DAP benefits had been denied, and that he could appeal the denial. (White Decl., Ex. A, ¶ 10, Ex. 4 thereto).

9. Plaintiff appealed the denial and, on August 28, 2003, Debra White, DaimlerChrysler's Regional Manager, Disability Programs, notified plaintiff that his appeal had been denied and his claim for disability benefits remained denied. (Complaint, ¶ 6; White Decl., Ex. A, ¶ 11, Ex. 5 thereto).

---

[3]Plaintiff alleges in the Complaint that he also applied for long-term disability benefits, but there is no evidence before the Court that he did so. Under the terms of the long-term disability plan at issue, to be eligible for long-term disability benefits, an employee must have exhausted short-term (DAP) payments. See Ex. 3, LTD Plan, § 4.01(c).

4

10. After plaintiff failed to return to work as scheduled, DaimlerChrysler terminated plaintiff's employment on September 2, 2003. (Complaint, ¶ 13).

11. On January 16, 2007, plaintiff filed a lawsuit regarding the denial of DAP short-term disability benefits and subsequently obtained leave on September 19, 2007 to amend his petition to assert a claim for LTD Plan benefits.

**Discussion**.

The defendants move for partial summary judgment asserting that plaintiff's claims concerning long-term disability benefits are time barred by the six-month contractual limitation period plaintiff agreed to in the Employment Agreement. Defendants assert that courts have long enforced this type of contractual limitations period, as long as the period is reasonable. Defendants state that six-month contractual limitations periods have been repeatedly held to be reasonable and applicable in the employment context, including ERISA claims. Defendants also state that the six-month period provided by the Employment Agreement is comparable to the limitations period of a variety of state and federal employment statutes, including the National Labor Relations Act.

Plaintiff responds first that the six-month limitation period contained in the Employment Agreement applies only to "employment actions," and does not apply to the instant case, which is a contract action. Plaintiff asserts that the plain language of the limitation period in the Employment Agreement limits its application to suits arising from "employment actions":

> In consideration of Chrysler's review of my application, I agree that any claim or lawsuit arising out of my employment with, or my application for employment with, Chrysler Corporation . . . must be filed no more than six (6) months after the date of the *employment action* that is the subject of the claim or lawsuit.

(Ex. 1 to White Declaration) (emphasis added). Plaintiff argues that the term "'employment action' is more analogous to discrimination in hiring or firing." Pl.'s Opp. at 2. Plaintiff cites Black's Law Dictionary and Cunningham v. Kansas City Star Co., 995 F. Supp. 1010, 1018 (W.D. Mo. 1998), an employment discrimination case, for the proposition that an "adverse employment action" contemplates an action such as a termination, demotion or pay cut. Plaintiff contends that the term "employment action" as used in the Employment Agreement requires that an adverse employment

5

action such as termination or demotion must occur in order for the six-month limitation to apply, and that there is no adverse employment action in this case.

Plaintiff also responds that any time limitation for an ERISA benefits claim must be contained in the plan itself.[4] Plaintiff asserts that ERISA plans are contracts, citing Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan, 160 F.3d 1301, 1303 (11th Cir. 1998), and that an ERISA benefits claim is a contract action, citing Wilkins v. Hartford Life & Accident Insurance Co., 299 F.3d 945, 948 (8th Cir. 2002). Therefore, plaintiff argues, because ERISA benefits claims are contractual in nature, any time limitation on the right to bring suit must be contained in the plan itself. Plaintiff does not, however, cite any authority in support of his argument. Plaintiff contends that the Missouri ten-year statute of limitations for contract claims is applicable. Thus, he argues, his suit is timely because it was filed within four years after the denial of benefits.

Plan administrators and/or plans themselves are the proper parties defendant in an action concerning ERISA benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). See Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998) (holding that "the party that controls administration of the plan" is the proper defendant in an ERISA benefits action) (quoted case omitted); Hall v. Lhaco, Inc., 140 F.3d 1190, 1194 (8th Cir. 1998) (noting split in authority among the circuits as to whether the ERISA plan itself or the plan administrator is the proper party defendant). This is in contrast to actions for interference with benefits under ERISA Section 510, in which the employer is the proper party defendant. See 29 U.S.C. § 1140; see, e.g., Fitzgerald v. Action, Inc., __ F.3d __, No. 07-2199, 2008 WL 899888, *3 (8th Cir. Apr. 4, 2008) ("To establish a claim for a violation of § 510, [plaintiff] must show [employer] 'had a specific intent to interfere with his insurance benefits . . . .'") (quoted case omitted).

---

[4]Presumably, plaintiff means any limitation other than the period imposed by the appropriate state statute of limitations. ERISA does not contain a statute of limitations for a denial of benefits claim. In such a situation, the Supreme Court has instructed that courts are to look to state law for the most analogous statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (discussing 42 U.S.C. § 1983). The Eighth Circuit has ruled that in Missouri, district courts are to apply Missouri's ten-year breach of contract statute of limitations under Mo. Rev. Stat. § 516.110(1). Johnson v. State Mut. Life Assur. Co. of America, 942 F.2d 1260, 1266 (8th Cir. 1991) (en banc).

The defendants have not cited any cases where a limitations period contained in an employment agreement was applied to an employee's ERISA claim for denial of benefits. The Court questions whether an ERISA plan or plan administrator could enforce a limitations period from an employment agreement against a claimant, because the plan administrator is not a party to the employment agreement. It is significant that the LTD Plan at issue does not contain a limitations period, nor does it mention or incorporate by reference the six-month limitations period from the Employment Agreement. Further, as plaintiff observes, the language of the Employment Agreement does not appear applicable to a denial of benefits claim. The Employment Agreement states that a suit must be filed within six months of an "employment action," although it does not define that term. The Court does not believe that the denial of ERISA welfare benefits by a plan administrator, particularly a third-party administrator, which is the case here, constitutes an "employment action" as contemplated by the Employment Agreement.

In addition, ERISA Section 503 and its accompanying regulations require that each ERISA plan establish and maintain a reasonable claims procedure for assessing benefits claims, including a benefits appeal procedure. See 29 U.S.C. § 1133(2). In the Eighth Circuit, claimants must exhaust the contractual administrative remedies provided in the applicable ERISA plan before filing claims for the wrongful denial of benefits in court. See Galman v. Prudential Ins. Co. of Am., 254 F.3d 768, 770 (8th Cir. 2001). If the six-month limitations period in the Employment Agreement were applied to an ERISA claim for benefits, it could be inconsistent with the administrative appeal procedure provided in the LTD Plan. Under the LTD Plan, a claimant has a right to appeal the denial or partial denial of benefits to DaimlerChrysler's Disability Department within sixty (60) days after receipt of written notification of the denial. Ex. 3, LTD Plan, § 7.04(c). The Disability Department must issue a written decision on the appeal within sixty (60) days of the receipt of a request for review, or within one hundred twenty (120) days "if special circumstances exist." Ex. 3, LTD Plan, § 7.04. In a case where "special circumstances" exist, the Disability Department could issue a decision on a benefits

appeal one hundred eighty days after the initial denial of benefits, which is approximately the same time defendants contend suit must be filed under the Employment Agreement.

**Conclusion**.

For the foregoing reasons, and in the absence of authority to support the proposition that a limitations period contained in an employment agreement may be applied to an ERISA denial of benefits claim, the Court concludes the defendants have not met their burden to establish that they are entitled to judgment as a matter of law on plaintiff's claim for long-term disability benefits. As a result, defendants' motion for partial summary judgment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for partial summary judgment is **DENIED**. [Doc. 26]

_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this   16th   day of April, 2008.